UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

```
-------------------------------------------------------X
In re:                                          :        CHAPTER 7
                                                :
        JOHN JOSEPH ALTORELLI                   :        CASE NO.: 14-51790
                                                :
                Debtor                          :
-------------------------------------------------------X
```

**DEBTOR'S OBJECTION TO MOTIONS SEEKING AN EXTENSION OF THE
DEADLINE WITHIN WHICH TO FILE COMPLAINTS OBJECTING TO DISCHARGE**

The Debtor, John J. Altorelli, by his undersigned attorneys, hereby objects to the Motion of the United States Trustee (the "US Trustee") to Extend the Time to File a Complaint Objecting to Discharge the Motion of the Chapter 7 Trustee (the "Trustee") To Enlarge Time to Object to Discharge (collectively, the" Motions") and, as ground therefore, represents:

1.    On November 26, 2014, the Debtor filed a voluntary petition for relief under Chapter 7 of United States bankruptcy code.

2.    The clerk's office scheduled the initial meeting of creditors for January 7, 2015.

3.    In order to assure the completeness and accuracy of his schedules and statement of financial affairs (the "Schedules"), the Debtor moved for an extension of time to file the Schedules on or before December 31, 2014, week prior to the scheduled meeting of creditors.

4.    The Debtor filed the Schedules on December 31, 2014.

5.    After the filing of the Schedules, the Trustee and counsel for the Debtor discussed the scheduling of the initial meeting of creditors.  Due to the detailed nature of the Schedules, the Trustee wished to continue the meeting of creditors to a date when no other meetings of creditors would be scheduled and which was convenient for the attorney for the Debtor's largest creditor.  Such continuance would allow all parties in interest sufficient time to

review the schedules and inquire at the meeting of creditors. The Debtor had no objection to such a continuance, and the meeting was continued to February 11, 2015.

6. The initial meeting of creditors occurred on February 11, 2015, as scheduled. The meeting was conducted until the parties present had no further questions.

7. Subsequent to the meeting of creditors, the Trustee had several follow up questions and requests for documents. The answers and information were provided almost immediately in each case. The Debtor is unaware of any pending requests for information.

8. The Trustee requested to inspect the Debtor's home and apartment. The Debtor, through counsel, advised the Trustee that he may expect inspect them on any date and at any time. Accordingly, the Debtor agreed to the dates proposed by the Trustee, and those inspections took place on the scheduled dates.

9. No party has suggested that there is any basis to object to discharge which requires further investigation.

10. A discharge is the most important element of a debtor's fresh start. In re Nowinski, 291 B.R. 302, 305 (Bankr. S.D.N.Y. 2003). Thus, the Bankruptcy Rules are to be interpreted strictly and in a manner consistent with the Code's policies in favor of providing a fresh start for the debtor and prompt administration of the case. Dombroff v. Greene (In re Dombroff), 192 B.R. 615, 621 (S.D.N.Y 1996). Bankruptcy Rule 4004(b) was a change from prior law that contained no cause requirements. See 9 Collier P 4004.RH[1] at 4004-22. Consistent with the fresh start policies, the time for filing an objection to discharge is excluded from those time periods that a bankruptcy court may waive under an "excusable neglect" standard. Fed. R. Bankr. P. 9006(b)(3); see also In re Grillo, 212 B.R. 744, 746 (Bankr. E.D.N.Y. 1997).

11. Upon timely motion, Bankruptcy Rule 4004(b) authorizes the bankruptcy court to extend the deadline for "cause." The determination of cause is within the court's discretion and is to be narrowly construed. In re Nowinski, 291 B.R. at 305.

12. "The factors that inform the court's discretion include (1) whether the creditor has sufficient notice of the deadline and information to file an objection, (2) the complexity of the case, (3) whether the creditor exercised diligence, (4) whether the debtor refused in bad faith to cooperate with the creditor, and (5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues." Id. at 305-06 (internal citations omitted).

13. The application of the factors to the Debtor's case do not support a finding of the requisite cause.

14. With respect to the first factor, there is, of course, no claim that either the US Trustee or the Trustee did not have notice of the Debtor's bankruptcy filing. The US Trustee asserts that the Schedules were not filed until approximately thirty (30) days after the Debtor's petition was filed, but the first meeting of creditors was continued a similar amount of time. Therefore, no creditor was deprived of ample time to review the schedules prior to the meeting of creditors. The Trustee asserts in his motion that he had not yet inspected the Debtor's home and apartment. The Debtor offered access at any time, and since the Trustee's motion was filed, the inspections have occurred.

15. With respect to the second factor, the Debtor's affairs are not complex. At all relevant times, the Debtor has been employed as a practicing attorney at a large law firm. The Debtor filed comprehensive Schedules, but at the end of the day, they contain some real estate and miscellaneous items of personal property. There are no complicated transactions or business relations that need to be untangled. A case is not complex simply because a debtor may have

more property than the "usual chapter 7 debtor." In re Nowinski, 291 B.R. at 307. Moreover, neither the US Trustee nor the Trustee have alleged how any complexity has prevented them from objecting to the Debtor's discharge. See In re Chatkhan, 455 B.R. 365, 370 (Bankr. E.D.N.Y. 2011).

16.  With respect to the third factor, neither the US Trustee nor the Trustee have sought discovery by way of 2004 exam or otherwise. This is not surprising due to the completeness of the Schedules, the Debtor's compliance with all the other requirements of the US Trustee and the Trustee, and the alacrity with which the Debtor has responded to all follow up questions of the Trustee. Put differently, there has been no need for discovery. Numerous courts have denied a motion to extend when the movant failed to conduct any discovery prior to the bar date for objecting to discharge. In re Kramer, 492 B.R. 366, 372 (Bankr. E.D.N.Y. 2013) (quoting In re Grillo, 212 B.R. at 747) ("'The majority view is that there can be no cause justifying an extension of time to object to discharge where the party seeking the extension failed to diligently pursue discovery prior to the expiration of the deadline.'").

17.  With respect to the fourth factor, as in In re Gotay, 2005 Bankr. LEXIS 3479 at *7 (Bankr. S.D.N.Y. Aug. 30, 2005), there are no allegations in either of the Motions that the Debtor has failed to cooperate, let alone refused to cooperate in bad faith. In fact, the Debtor has expeditiously answered every question or request for documentation from the Trustee. The US Trustee has not directed a question to the Debtor since the first meeting of creditors; although, when counsel to the Debtor advised the US Trustee that the Debtor would not consent to an extension, it also invited the US Trustee to make any inquiries it desired prior to the deadline.

18. With respect to the fifth factor, there are no proceedings anywhere in which any issues related to Bankruptcy Code section 727 or the Debtor's finances are implicated, and thus, collateral estoppel could not be applied in this case.

19. For all the above reasons, the Movants cannot establish cause for an extension of the time within which to object to discharge and the Motions should be denied.

                                THE DEBTOR

                              By:   /s/ James Berman
                                   James Berman (ct06027)
                                   Zeisler & Zeisler, P.C.
                                   10 Middle Street, 15th floor
                                   Bridgeport, CT  06604
                                   Tel. 203-368-4234
                                   Email: jberman@zeislaw.com
                                   Attorneys for the Debtor